UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN MILLER,<br><br>   Plaintiff,<br><br>  v.<br><br>SHEILA OLIVEIRA,<br><br>   Defendant.<br>_____/ | No. C-13-0846 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>**(Docket Nos. 25, 28)** |

Previously, the Court granted Defendant Sheila Oliveira's motion to dismiss and instructed the Clerk of the Court to enter a judgment in accordance with that order. *See* Docket No. 23 (order). A final judgment was entered on May 14, 2013. *See* Docket No. 24 (final judgment). Thereafter, Plaintiff Evan Miller filed the currently pending motion in which he asks the Court to reconsider its order of dismissal. The Court finds this matter suitable for disposition without oral argument. For the reasons discussed below, Mr. Miller's motion is **DENIED**. In addition, the Court **DENIES** Mr. Miller's motion for leave to appeal in forma pauperis.

**I. DISCUSSION**

A. <u>Motion for Reconsideration</u>

  Mr. Miller has filed a motion in which he seeks reconsideration of this Court's order granting Ms. Oliveira's motion to dismiss. Because Mr. Miller did not file his motion until after the final judgment was entered in this case, the Court construes his motion as either a motion brought pursuant to Federal Rule of Civil Procedure 59(e) or as a motion brought pursuant to Rule 60(b).

1    To the extent Mr. Miller has filed a Rule 59(e) motion to alter or amend the judgment, the
2 motion is denied because it was not timely made.  Rule 59(e) provides that such a motion "must be
3 filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  Here, a final
4 judgment was entered on May 14, 2013.  *See* Docket No. 24 (final judgment).  Mr. Miller, however,
5 did not file his motion until more than 30 days later (*i.e.*, on June 14, 2013).  *See* Docket No. 25
6 (motion).

7    To the extent Mr. Miller has filed a Rule 60(b) motion for relief from judgment, there is no
8 time bar.  However, the Court must take into account that, after filing his motion, Mr. Miller also
9 filed a notice of appeal to the Ninth Circuit.  *See* Docket No. 27 (notice of appeal).  Generally, once
10 a party files a notice of appeal, the district court is divested of jurisdiction over any matter which is
11 the subject matter of the appeal.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58
12 (1982) (stating that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it
13 confers jurisdiction on the court of appeals and divests the district court of its control over those
14 aspects of the case involved in the appeal").  There is, however, an exception to this general rule.
15 Federal Rule of Appellate Procedure 4(a)(4)(B)(I) allows a district court to amend a judgment, even
16 when a notice of appeal has been filed, in certain situations.  The rule provides as follows: "If a party
17 files a notice of appeal after the court announces or enters a judgment – but before it disposes of any
18 motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in
19 whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R.
20 App. P. 4(a)(4)(B)(I) (emphasis added).  Rule 4(a)(4)(A) identifies several motions, including a Rule
21 60 motion.  However, in order to get the benefit of Rule 4(a)(4)(A), the Rule 60 motion at least must
22 have been "filed no later than 28 days after the judgment is entered."  Fed. R. App. P. 4(a)(4)(A)(vi).
23 As noted above, Mr. Miller did not file his motion until more than 30 days after the final judgment
24 was entered, and so the general rule that a district court is divested of jurisdiction upon appeal would
25 seem to be applicable.

26    That being said, the Court acknowledges that, under Federal Rule of Civil Procedure 62.1(a),
27 "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal
28 that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the

motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a); *see also Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (stating that "a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to 'ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court [i.e., the Ninth Circuit], if appropriate, for remand of the case'"); *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002) (stating that, "[t]o seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case") (internal quotation marks omitted). Although Mr. Miller has not invoked this procedure, the Court shall, in the interest of moving the litigation forward, deem Mr. Miller to have made such a request, particularly given that he is a pro se litigant (although apparently also an attorney). *See* Docket No. 28 (IFP App. at 9).

The Court has reviewed the arguments made in Mr. Miller's motion and finds that none has merit.[1] For example, Mr. Miller argues that, once Larry Vigil and Ms. Oliveira entered into the settlement agreement which was then incorporated into a final judgment by the family court, "the family court was forever divested of jurisdiction over the issues contained in the settlement agreement." Mot. at 1. But the family court apparently concluded otherwise and decided to terminate the spousal obligation owed by Ms. Oliveira to Mr. Vigil. Mr. Miller's attack of that ruling herein is foreclosed by the *Rooker-Feldman* doctrine. *See Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013). Furthermore, Mr. Miller's contention that the family court lacked the authority to modify the spousal obligation is not supported by the authority he cites. For example, in *In re Marriage of Aninger*, 220 Cal. App. 3d 230 (1990), the state court simply stated that "the trial court's discretion to modify the spousal support order is constrained by the terms of the marital settlement agreement." *Id.* at 238. Here, Mr. Vigil and Ms. Oliveira's settlement agreement stated that spousal support may not be modified upward; it did not prohibit termination of spousal support.

---

[1] The Court assumes for purposes of this opinion that Mr. Miller has claimed a legal error by this Court which may be addressed through Rule 60(b)(1) (mistake) or 60(b)(6) (the catchall).

1    Accordingly, the Court denies Mr. Miller's Rule 60(b) motion.

2    B.    <u>Motion for Leave to Appeal In Forma Pauperis</u>

Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2). Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The Ninth Circuit has construed "not taken in good faith" to mean frivolous. *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole").

Here, the Court finds Mr. Miller's appeal frivolous. He has failed to explain why the *Rooker-Feldman* doctrine is not a bar to the bulk of his claims and how there is subject matter jurisdiction over that part of his claims that is not subject to the *Rooker-Feldman* bar. Moreover, as noted above, on its face, the settlement agreement does not prohibit termination of spousal support.

## II.    CONCLUSION

For the foregoing reasons, Mr. Miller's request for relief is denied.

**Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of the Court is instructed to immediately notify the Ninth Circuit that this Court has denied Mr. Miller's motion to proceed on appeal in forma pauperis and certified in writing that the appeal is not taken in good faith.** *See* Fed. R. App. P. 24(a)(4).

This order disposes of Docket Nos. 25 and 28.

IT IS SO ORDERED.

Dated: July 2, 2013

_____
EDWARD M. CHEN
United States District Judge

4